# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2017, 10:06 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph A. Brock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 14, 2017

Court of Appeals Case No.
33A01-1705-CR-1198

Appeal from the Henry Circuit Court

The Honorable Edward Dunsmore, Judge Pro Tempore

Trial Court Cause Nos.
33C03-1610-F6-360
33C03-1701-CM-71

**Bradford, Judge.**

# Case Summary

[1]     On October 14, 2015, under cause number 33C03-1610-F6-360 ("F6-360"), the State charged Appellant-Defendant Joseph A. Brock with Level 6 felony theft. On November 7, 2016, Brock entered into a plea agreement where he pled guilty as charged with an agreed upon sentence of two years to be served as a direct commitment to community corrections on in-home detention. On November 14, 2016, the trial court imposed the agreed-upon sentence.

[2]     On January 13, 2017, Brock was charged under cause number 33C03-1701-CM-71 ("CM-71") with Class A misdemeanor possession of marijuana. On January 26, 2017, the State filed a petition to revoke in F6-360 alleging that Brock violated the terms of his community corrections commitment by committing the new offense in CM-71. On March 6, 2017, Brock pled guilty as charged in CM-71, and admitted to the community corrections violation in F6-360.

[3]     On May 1, 2017, the court revoked Brock's community corrections placement and ordered him to serve the balance of his sentence in county jail. The court also imposed a 198-day sentence in CM-71 with credit for 198 days. Brock appeals, contending that the trial court abused its discretion revoking his community corrections placement. Concluding that the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[4]     On October 13, 2016, Brock took two bags of groceries and credit cards from his ex-wife Sherry Brock ("Sherry") without her permission. Sherry called the police. By the time the police arrived at Brock's residence, Brock was taking the food out of his residence and placing it on the front porch stating, "Here is your food back Sherry." App. Vol. II p. 18. Brock had already given the two credit cards back to Sherry before the police officers arrived. Brock admitted to the police during an interview that he took the food without permission.

[5]     On October 14, 2016, the State charged Brock with Level 6 felony theft in cause number F6-360. On November 7, 2016, Brock entered into a plea agreement where he pled guilty as charged in exchange for a sentence of two years to be served as a direct commitment to community corrections on in-home detention. On November 14, 2016, the trial court imposed a sentence in accordance with the plea agreement.

[6]     On January 3, 2017, the Henry County Community Corrections administered a RAPID urine screen test on Brock. Brock tested positive for methamphetamines, buprenorphine, marijuana, and cocaine. test results were later confirmed by Redwood Toxicology Laboratories.

[7]     A known employee from Henry County Community Corrections provided a tip to police based on the results of Brock's urine test. This tip resulted in the police executing a search warrant at Brock's residence on January 11, 2017. During the course of the search, officers discovered a Marlboro cigarette box in the living room that contained a plastic bag of marijuana. Brock subsequently

admitted that the marijuana was his.  On January 13, 2017, Brock was charged under cause CM-71 with Class A misdemeanor possession of marijuana.

[8] On January 26, 2017, the State filed a petition to revoke in cause F6-360 alleging Brock violated the terms of his community corrections commitment by committing the new offense charged in cause CM-71.  On March 6, 2017, Brock pled guilty to possession of marijuana as a Class A misdemeanor in cause CM-71, and he admitted to the community corrections violation in cause F6-360.  App. Vol. II pp. 6, 11-12, 46.  The trial court took the plea under advisement and Brock was referred to the House of Hope to address substance abuse issues pending sentencing.  App. Vol. II pp. 47, 49.  On March 8, 2017, Brock was transported to the House of Hope, and was unsuccessfully discharged less than two weeks later on March 19, 2017.

[9] On May 1, 2017, a sentencing hearing was held.  During the hearing, Brock testified that his plan once released from custody was to go back to work at Grede Foundry.  Brock, however, admitted that he had not talked with a company representative for several months and he had no authoritative letter stating that he would be rehired upon his release.  Bock also testified that prior to his violation he helped take care of his nine-year old child.  Further, Brock testified that he owed $1900 in restitution that he had just started to pay.  The trial court revoked Brock's community corrections placement and ordered Brock to serve the balance of his sentence—548 days—in the county jail.  The court also imposed a 198-day sentence in cause CM-71 with credit for 198 days.

# Discussion and Decision

[10] Brock contends that the trial court abused its discretion in revoking his community corrections placement because his evidence of an alternative to incarceration should have been considered.

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right."

*Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (internal citations and footnotes omitted).

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Id.* at 551.

[11]     It is undisputed that Brock violated his in-home detention placement by testing positive for methamphetamine, buprenorphine, marijuana, and cocaine, and by being in possession of marijuana.  Moreover, after Brock admitted to the violations and pled guilty to possession of marijuana, he was given the opportunity to attend the House of Hope program prior to sentencing.  Brock, however, left the program and was unsuccessfully discharged from House of Hope in less than two weeks.  Brock points to his past employment and child as evidence that he should be released to Community Corrections to no avail.  The trial court was free to disregard Brock's arguments for release, and apparently did.  Given his possession of marijuana, his positive urine screen for numerous controlled substances, and his inability to complete the House of Hope program, Brock has failed to demonstrate that the trial court abused its discretion in imposing a jail sentence.

[12]     The judgment of the trial court is affirmed.


        May, J., and Barnes, J., concur.